```
          IN THE UNITED STATES DISTRICT COURT FOR
         THE DISTRICT OF MARYLAND, NORTHERN DIVISION
```

|   |   |   |
|---|---|---|
| WILLIAM K. EDWARDS, | * | |
| Petitioner, | * | |
| v. | * | CIVIL NO.:    WDQ-07-2819 |
| UNITED STATES OF AMERICA, | * | CRIMINAL NO.: WDQ-94-0013 |
| Respondent. | * | |
|   | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

MEMORANDUM OPINION

Pending is William K. Edwards's *pro se* motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255, and motion for extension of time to respond to the Government's opposition. For the following reasons, Edwards's motions will be granted.

I. Background

On April 15, 1994, Edwards pled guilty to bank robbery in violation of 18 U.S.C. § 2113. Edwards was sentenced to 70 months imprisonment--to be followed by two years of supervised release. Edwards was released from federal custody in November 1998 and transferred into the custody of the state of Maryland to serve a 28-year sentence he received on state convictions.

On August 1, 2003, Edwards was released from a Maryland state prison and placed in a work-release program in a Calvert County, Maryland detention center called Live-in/Work-Out

1

("LIWO"). Edwards completed the program, and on December 23, 2004, the U.S Probation Office informed Edwards that his two-year term of federal supervised release had begun.

On September 19, 2006, Edwards was convicted of bank robbery in the United States Court for the District of Nevada, and sentenced to a term of 70 months imprisonment--to be followed by 36 months of supervised release. On March 29, 2007, Edwards was arrested for violation of the conditions of supervised release imposed by this Court in 1994. On April 5, 2007, this Court found that Edwards had violated his conditions of supervision and sentenced him to 24 months imprisonment, to be served consecutively to the 70-month term of imprisonment imposed by the Nevada court.

On October 17, 2007, Edwards filed a § 2255 motion to vacate the 24 month sentence imposed by this Court.

II.  Motion to Vacate, Set Aside, or Correct Sentence

Edwards claims that his 24-month sentence should be vacated because he received ineffective assistance of counsel at his revocation hearing. The Sixth Amendment guarantees the effective assistance of counsel. *Strickland v. Washington*, 466 U.S. 668, 686 (1984). To prove ineffective assistance of counsel, Edwards must show that: counsel's performance was deficient, and that the deficiency prejudiced the defense. *Id.* at 687. This requires a showing that "counsel's representation fell below an objective

2

standard of reasonableness." *Id.* at 688.  Edwards must also demonstrate a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694.  Only if deficient performance and prejudice are established can it be concluded that counsel's assistance was defective. *Id.* at 687.  If the defendant cannot prove prejudice, "a reviewing court need not consider the performance prong." *Fields v. Attorney General*, 956 F.2d 1290, 1297 (4th Cir. 1992) (*citing Strickland*, 466 U.S. at 697).

Edwards contends that his counsel, Katherine Tang-Newberger, failed to argue that his two-year term of supervised release commenced on August 1, 2003--when he was released from state prison and entered the LIWO Program.  Edwards argues that his participation in the LIWO Program was ordered as a "special condition" of his probation, and not imposed as a sentence of "imprisonment" for purposes of 18 U.S.C. § 3624(e).[1]  Edwards asserts that since his term of supervised release expired on

---

[1] Section 3624(e) states, in pertinent part:

> The term of supervised release commences on the day the person is released from imprisonment and runs concurrently with any Federal, state, or local term of probation or supervised release or parole for another offense to which the person is subject or becomes subject during the term of supervised release.  A term of supervised release does not run during any period in which the person is imprisoned in connection with a conviction for a Federal, State or local crime unless the imprisonment is for a period of less than 30 consecutive days.

3

August 1, 2005--more than six months before issuance of the revocation warrant--the Court had no jurisdiction to consider the revocation petition.  Edwards argues that because Tang-Newberger did not raise this issue at his revocation hearing, he received ineffective assistance of counsel.

The Government contends that Edwards's participation in the LIWO program did not constitute "release from imprisonment" under § 3624(e).  *See United States v. Rivard*, 184 F.3d 176, 178-79 (2d Cir. 1999) (Vermont's daily interrupt status work-release program was imprisonment); *United States v. Miller*, No. CR-04-264, 2007 WL 4261929 (D. Idaho November 30, 2007) (county jail work release program as part of the federal pre-release program was imprisonment).  The Government also stresses that available information about the LIWO Program demonstrates that it is not a release from imprisonment.  *See* Greg Jones, Michael Connelly, Kate Wagner, Maryland State Commission on Criminal Sentencing Policy, *The Effects of Diminution Credits on Inmate Behavior and Recidivism: An Overview* (July 2001) (describing Calvert County's LIWO program as an "18 month DOC sentence suspended to work release program in local facility").  Thus, the Government contends that counsel's decision not to present the argument regarding the supervised release at Edwards's revocation hearing did not constitute ineffective assistance.

In criminal cases, counsel must conduct "appropriate

4

investigations, both factual and legal, to determine if matters of defense can be developed." *Coles v. Peyton*, 389 F.2d 224, 226 (4th Cir. 1968); *see also Strickland*, 466 U.S. at 691 ("[C]ounsel has a duty to make reasonable investigations."). The decision not to investigate "must be directly assessed for reasonableness in all the circumstances." *Id.* at 691.

Tang-Newberger's decision not to investigate Edward's defense was unreasonable. When Edwards met with Tang-Newberger on March 29, 2007, he questioned whether his term of federal supervision commenced when he was released from state prison because, if so, his term of supervision expired before issuance of the revocation warrant.[2] Without investigating the terms of Edwards's release from state prison, Tang-Newberger concluded that Edward was in custody when he participated in the LIWO program, and thus, she refused to raise the argument at the revocation hearing. Tang-Newberger's decision not to investigate the issue was objectively unreasonable because it appears that on July 31, 2003, Calvert County Circuit Court Judge Warren J. Krug suspended Edwards's sentence and placed him on five years probation with the condition that he complete the LIWO program. *See* Docket Entries, *Maryland v. Edwards*, K-94-412, 414 (July 31, 2003). Moreover, Tang-Newberger's conduct was prejudicial

---

[2] The Government did not provide any testimony from Tang-Newberger to dispute Edward's version of events.

5

because it is likely that Edwards's defense would have been successful, and he would not have received the 24-month sentence imposed by this Court.  Accordingly, Edwards's motion will be granted, and his sentence will be vacated.

III. Conclusion

    For the above stated reasons, Edwards's motions will be granted.[3]

| | |
|---|---|
| June 19, 2008 |        /s/ |
| Date | William D. Quarles, Jr.<br>United States District Judge |

---

[3] As the Government does not oppose Edwards's motion for extension of time and there appears to be no prejudice, the motion will be granted.